IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARK N. SIMS, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 08-C-7026 |
| ) | |
| VILLAGE OF CLARENDON HILLS, ) | Honorable David H. Coar |
| ILLINOIS, and DuPAGE COUNTY, ) | |
| ILLINOIS, ) | |
| *Defendants*. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court are Defendant Village of Clarendon Hills' and Defendant DuPage County's uncontested motions to dismiss Plaintiff Clark Sims's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 8, 2008, Plaintiff filed a complaint against the Defendants pursuant to 42 U.S.C. § 1983, alleging: (1) selective prosecution (Count I), and (2) false arrest (Count II). For the reasons stated below, Defendants' motions to dismiss are GRANTED in full.

**I.     Alleged Facts**

Plaintiff recounts a complicated domestic and legal history in his complaint, the majority of which is irrelevant to the instant action. Both of Plaintiff's claims stem from his January 1, 2005 arrest for domestic battery by officers employed by the Clarendon Hill Police Department following an altercation with his ex-wife, Suzette Sims. Plaintiff claims that he tried to remove a

1

cellular phone from his wife's hand because she was recording their conversations without his permission. After Ms. Sims informed the police, Plaintiff was arrested and the DuPage County State's Attorney's office initiated a domestic battery prosecution against him. On the day of his arrest, Plaintiff claims that Officer Todd Helms said that it was almost impossible for a man not to get arrested in the course of a messy divorce replete with numerous domestic violence allegations. Furthermore, Plaintiff claims that on December 3, 2004, a detective from the Clarendon Hills police department admitted that it was their policy to selectively remove men from households during domestic disputes.

On March 8, 2005, Plaintiff claims that Ms. Sims hit him on his arm. He reported this incident to the police the following day, though he does not describe what, if any, action was taken by the police in response.

Following his January arrest, Plaintiff claims that Ms. Sims attempted to strike a bargain with the Plaintiff, under which she would urge prosecutors to drop the criminal battery charge against Plaintiff if he agreed to a favorable divorce settlement. On August 15, 2006, he presented evidence of Ms. Sims' behavior to Joseph Birkett, the DuPage County State's Attorney, asking that Ms. Sims be arrested for conspiracy to obstruct justice, obstruction of justice, threats, and bribery. On December 6, 2006, the State's Attorney applied to the court for *nolle prosequi* on the domestic battery issue. On December 12, Plaintiff sent a letter to Victor Maysonet, the investigator of the DuPage State's Attorney's office, renewing his request that Ms. Sims be prosecuted for making threats of false arrest and battery. He claims that Mr. Maysonet admitted to him in the course of a telephone conversation that Ms. Sims had previously admitted to making a bribery offer, but the State Attorney's office had decided to prosecute only the Plaintiff's domestic battery. Between December 2006 and January 2008, Plaintiff contacted

2

various Clarendon Hills and DuPage County officials, seeking the criminal prosecution of Ms. Sims on the ground of making threats of false arrest and bribery. On December 8, 2008, Plaintiff filed the Complaint underlying the instant action, alleging: (1) selective prosecution on the ground that Clarendon Hills Police targeted men in domestic violence situations, and because Clarendon Hills and DuPage County declined to arrest and prosecute Ms. Sims for bribery; and (2) false arrest for domestic battery.

**II.     Standard of Review**

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will assume that all facts alleged in the Complaint are true and construe the allegations in the Plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**III.    Analysis**

A. Defendant Clarendon Hills

Defendant Clarendon Hills argues that both of Defendant's claims are time-barred by the statute of limitations. Claims under § 1983 are generally governed by a two-year statute of limitations in Illinois, although a one-year period governs state-law claims that are joined with a § 1983 claim. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Federal law controls when a claim accrues. *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). "A § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have

been violated. This inquiry proceeds in two steps. First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury." *Id.* (internal quotation marks omitted). Because Plaintiff is proceeding under a federal cause of action, he is subject to the two-year statute of limitations.

The injuries of which Plaintiff complains are his prosecution and arrest for domestic battery. Plaintiff's injury from false arrest occurred on January 1, 2005. Furthermore, that was also the point at which he had notice of his constitutional injury. Therefore, the limitations period for his false arrest claim elapsed in January 2007. Plaintiff's injury from selective prosecution occurred at the point of his prosecution, which commenced in January 2005. This was also the point at which he would have had notice of his claim. Even if the Court were to assume that he did not have notice of that claim immediately, he was on notice no later than March 2005 when the police and State's Attorney declined to action against his wife. Therefore, his claim had become stale by the time he filed the instant action in December 2008.

Plaintiff's Complaint is consequently DISMISSED with prejudice as to Defendant Village of Clarendon Hills. Because the statute of limitations is an affirmative defense, *see* Fed. R. Civ. Pro. 8(c), Plaintiff's Complaint continues against Defendant DuPage County because it did not raise the issue in its motion to dismiss. DuPage County seeks dismissal on a number of alternate grounds, including lack of jurisdiction under the *Rooker-Feldman* doctrine, no *respondeat superior* under § 1983, failure to give adequate notice under Rule 8, and sovereign and prosecutorial immunity.

    B.  Defendant DuPage County

Dupage County argues that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. "Under…the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Defendant argues that the *Rooker-Feldman* doctrine is applicable because the injuries of which Plaintiff complains were caused by the state-court divorce judgment entered against him, and Plaintiff cannot prevail here without undermining the validity of that judgment. It is unclear how the divorce judgment is at all relevant to Plaintiff's action. The two claims alleged here, false arrest and selective prosecution, stem from his arrest and prosecution for domestic battery charge. Therefore, dismissal on *Rooker-Feldman* grounds is inappropriate.

Dupage County also argues for dismissal on the ground that it may not be held liable under a *respondeat superior* theory. *See Monell v. Dep't Soc. Servs.,* 436 U.S. 658 (1978). Because *respondeat superior* is not a ground for recovery against the County pursuant to § 1983, Plaintiff must allege that his injuries were caused either by: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Moreland v. Dieter,* 395 F.3d 747, 759. Defendant argues that the Plaintiff has made no allegations that satisfy any of the three categories.

Plaintiff's Complaint alleges that it was the express policy of Clarendon Hills to arrest and prosecute only men for domestic battery. Plaintiff does not make any such allegations regarding DuPage County. Furthermore, Plaintiff does not make any allegation that his injuries were caused by the widespread practice of DuPage County or by a county official with final

policymaking authority. Because Plaintiff does not have a cause of action against Defendant DuPage County, Defendant's motion to dismiss is GRANTED in full and the Court need not address Defendant's remaining arguments.

### IV. Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED in full. Plaintiff's Complaint is DISMISSED with prejudice.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **May 26, 2009**